■ MICHAEL HARRINGTON, Appellant, v ALLSTATE INSURANCE COMPANY et al., Respondents. [690 NYS2d 416] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered January 16, 1998, which denied plaintiff's motion for summary judgment, unanimously modified, on the law, to grant defendants summary judgment dismissing the complaint, and otherwise affirmed, with costs to defendants payable by plaintiff. The Clerk is directed to enter judgment in favor of defendants-respondents dismissing the complaint.

The instant breach of contract action is based on a purported agreement between the parties to settle a personal injury action that plaintiff commenced in Kings County Supreme Court. However, as the settlement was being placed on the record, or immediately thereafter, one of the defendants in the personal injury action, the driver of the offending car, arose and interjected that the person in court that day claiming to be the plaintiff was not the person who was involved in the accident. The court then ruled that no settlement had been reached, and directed the parties to trial. The jury, in answer to the first question on the verdict sheet, found plaintiff not to be the person who was involved in the accident, and the case was

dismissed. Plaintiff then moved under CPLR 4401 to set aside the verdict on the ground that a valid settlement agreement had been entered into in open court, and that the court therefore lacked authority to direct the parties to trial, which motion was denied on the grounds that an agreement to settle had never been consummated, or, assuming the contrary, would have been vacated for fraud. On appeal, the Second Department held that plaintiff's CPLR 4401 motion was an inappropriate vehicle for seeking review of proceedings that occurred prior to trial, without prejudice to plaintiff raising the issue of whether there was a settlement upon a direct appeal from any judgment to be entered in the Kings County action (*Harrington v Halpert*, 241 AD2d 540). Plaintiff then commenced the instant contract action in New York County Supreme Court, subsequent to which a judgment dismissing plaintiff's personal injury action was entered in the Kings County court.

The purported settlement agreement that plaintiff seeks to enforce in this contract action was found to be nonexistent by the Kings County Supreme Court, a finding that the Second Department has indicated may be reviewable on an appeal from the judgment of the Kings County court dismissing plaintiff's action for personal injuries. Thus, plaintiff is asking the courts in this Department to review an order of a Kings County court, notwithstanding the existence of a clearly adequate appellate remedy in the Second Department. This we decline to do. Inasmuch as plaintiff has no viable claim herein, upon a search of the record, we dismiss the complaint. Concur—Ellerin, P. J., Rosenberger, Williams, Andrias and Saxe, JJ.